UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BREFO,<br><br>   *Plaintiff*,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>   *Defendant*. | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMANDED HEREON** |

James Brefo, Plaintiff herein, by his attorneys, alleges and complains of Defendant as follows:

## PRELIMINARY STATEMENT

1. James Brefo ("Plaintiff" or "Mr. Brefo") is a victim of identity theft.

2. Using Mr. Brefo's Chase card information, the perpetrator, who is unknown to Mr. Brefo, withdrew $3,420.00 from Mr. Brefo's bank account.

3. Without legitimate basis, Chase continues to demand that Mr. Brefo pay for the unauthorized withdrawals.

4. Mr. Brefo brings claims against Chase for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*., New York General Business Practice § 349 ("NYGBL § 349"), and for declaratory judgment.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 15 U.S.C. §§ 1693m(g) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201.

1

7. Venue is proper in this District because a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

## PARTIES

8. Plaintiff James Brefo is a natural person and resident citizen of Maryland.

9. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6). His account with Defendant was used for personal, family, or household purposes.

10. Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") is a national banking association formed under the laws of the United States with its principal place of business located at 4 New York Plaza, 13th Floor, New York, NY 10004.

11. Chase is a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

## FACTS

12. While living in the Bronx County, New York, Mr. Brefo opened a checking account with Chase. Chase issued a debit card associated with the account, which could be used to make purchases and to withdraw funds from the account.

13. On August 20, 2018, Mr. Brefo used the ATM located in the Chase branch in Pelham, New York to withdraw funds.

14. The next day, Mr. Brefo moved to the state of Maryland where he presently resides.

15. On September 7, 2018, an identity thief used Mr. Brefo's debit card information to make three ATM withdrawals totaling $3,420.00 ("Unauthorized Withdrawals") from the same Pelham, New York ATM that Mr. Brefo had used on August 20, 2018.

16. On September 7, 2018, Mr. Brefo was in the state of Maryland and could not have made the Unauthorized Transactions.

17. Mr. Brefo did not authorize anyone to make the Unauthorized Transactions.

18. Mr. Brefo does not know who made the Unauthorized Transactions.

19. After discovering the Unauthorized Withdrawals, Mr. Brefo submitted a dispute form in the Chase branch located in Pelham, New York challenging the legitimacy of the transactions.

20. On September 11, 2018, Chase reversed the withdrawals and credited $3,420.00 to Mr. Brefo's account.

21. On October 2, 2018, Chase reversed itself and debited Mr. Brefo's account for $3,420.00.

22. In an October 3, 2018 letter to Mr. Brefo, Chase stated that it had denied Mr. Brefo's claim because Mr. Brefo's debit card was in his possession at the time of the Unlawful Withdrawals and that the correct PIN was used to make the withdrawals.

23. After receipt of the October 3, 2018 letter, Mr. Brefo contacted Chase via telephone offering to provide Chase with timesheets from his employer showing that Mr. Brefo was in Maryland on the date of the Unauthorized Withdrawals.

24. Chase refused to accept the timesheets and, in an October 13, 2018 letter to Mr. Brefo, stated that it had "researched" the transactions and stood by its decision to hold Mr. Brefo liable for the Unauthorized Withdrawals.

25. Chase continues to demand that Mr. Brefo pay for the Unauthorized Withdrawals.

## FIRST CLAIM FOR RELIEF
**Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*)**

26. Mr. Brefo repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Chase

bears the responsibility for unauthorized withdrawals like the present ones.

28. Further, once Mr. Brefo notified Chase that he disputed the Unauthorized Withdrawals, Chase was required to conduct a reasonable investigation.

29. By its own admission, Chase decided not to credit Mr. Brefo's account because he maintained possession of his debit card on the date of the Unauthorized Withdrawals. However, Mr. Brefo was in Maryland on the date of the Unauthorized Withdrawals and could not have made them.

30. A reasonable investigation would have revealed, *inter alia*, the following:

   a. Mr. Brefo's transactional history is inconsistent with the Unauthorized Withdrawals;

   b. Mr. Brefo was in Maryland at the time of the Unauthorized Withdrawals; and

   c. Mr. Brefo's transactions immediately before and after the Unauthorized Withdrawals occurred in Maryland.

30. In short, any reasonable investigation of these transactions would have resulted in Chase's crediting Mr. Brefo's account for the amount of the stolen funds.

31. Chase's acts and omissions as set forth above constitute violations of the EFTA.

32. As a direct and proximate result of Chase's violations of the EFTA, Mr. Brefo is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

33. Chase did not make a good faith investigation regarding the stolen funds.

34. Chase did not have a reasonable basis for believing the account was not in error.

35. Chase willfully concluded that Mr. Brefo's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Chase at the time of the investigation.

36. In light of the foregoing, Mr. Brefo is also entitled to recover treble damages under § 1693f(e).

## SECOND CLAIM FOR RELIEF
### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

37. Mr. Brefo repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38. In the course of its dealings with Mr. Brefo, Chase has engaged in deceptive conduct in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of § 349 independent of whether Chase's conduct violated any other law.

39. Specifically, but without limitation, Chase's deceptive conduct included:

   a. Unlawfully charging Mr. Brefo for withdrawals he never authorized;

   b. Failing to adequately investigate the dispute and correct Mr. Brefo's account by permanently reversing the withdrawals, while falsely claiming to have done an adequate investigation; and

   c. Attempting to bill and collect on sums not owed (and regarding which any reasonable investigation would have determined were not owed).

40. Chase's conduct as alleged herein is "consumer oriented."

41. Indeed, far from a "one shot transaction," Chase deals with a large volume of customers who dispute unauthorized withdrawals.

42. Chase's failure to conduct a true "reasonable investigation" leads to consumers being forced to pay for unauthorized withdrawals or face the specter of litigation and/or ruined credit.

43. Chase's misconduct as set forth above is part of a recurring policy and practice and has the potential to be repeated with regard to a large number of consumers.

44. Specifically, the form denial sent by Chase credibly suggests that Chase has a recurring policy and practice of refusing to honor its obligations under the EFTA and of

summarily denying claims without investigation where the theft occurs within the victims geographical area and the victim still has possession of his card.

45. Thus, for example, the form denial credibly suggests that Chase summarily denies rather than reasonably investigates all thefts based upon credit card skimming; a common and pernicious practice whereby criminals install small devices at ATM or other credit card-accepting machines in order to surreptitiously capture credit card data and pin numbers without taking physical possession of the victim's card. See, *e.g.* https://www.thebalance.com/how-credit-card-skimming-works-960773.

46. Each of Chase's deceptive acts and practices has a broad impact on consumers.

47. As a result of these violations of NYGBL § 349, Mr. Brefo has suffered actual damages and is entitled to actual and/or statutory damages, punitive damages; declaratory judgment that Chase has violated the statute, costs, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
**Declaratory Judgment**

48. Mr. Brefo repeats and re-alleges and incorporates by reference the foregoing paragraphs.

49. Given Chase's continued demand that Mr. Brefo pay the Unauthorized Withdrawals, Chase's conduct has created a real and reasonable apprehension of liability on Mr. Brefo's part.

50. Chase's conduct constitutes a course of conduct that has brought Mr. Brefo into adversarial conflict with Chase.

51. Mr. Brefo did not make or authorize the subject withdrawals and therefore does not owe Chase any money.

52. Mr. Brefo is entitled to and hereby seeks a declaratory judgment that he was not

liable for the Unauthorized Withdrawals.

**WHEREFORE**, Mr. Brefo seeks judgment in his favor and damages against Defendant:

A.  awarding Mr. Brefo against Defendant actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees;

B.  entering a declaratory judgment that Mr. Brefo is not liable for the Unauthorized Withdrawals; and

C.  such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Brefo demands a trial by jury as to all issues so triable.

Dated: February 12, 2019

Respectfully Submitted,

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
T: 212-500-6114
F: 646-612-7996
dschlanger@consumerprotection.net

Brian K. Herrington (to apply *pro hac vice*)
Schlanger Law Group LLP
602 Steed Road, Suite 100
Ridgeland, MS 39157
T: 601-208-0013
F: 646-612-7996
bherrington@consumerprotection.net